IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>QUANTAUS MARION,<br><br>     Defendant. | CASE NO. 8:05CR58<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on the Appeal of Magistrate Judge's Denial of Defendant's Motion to Reconsider Detention (Filing No. 74) filed by Defendant Quantaus Marion ("Defendant" or "Marion"). Defendant filed the present appeal on July 25, 2013. The Government has not responded. For the reasons discussed below, the Order of Magistrate Judge F.A. Gossett of July 19, 2013 (Filing No. 73), will be affirmed, and Defendant's Appeal will be denied.

## BACKGROUND

  On May 28, 2013, the Defendant appeared before the Court on a Petition for Offender Under Supervision (Filing No. 47). The Petition alleges, in part, that the Defendant violated his supervised release through his alleged presence during three heroin sales that occurred between March 21, 2013, and May 16, 2013. Because the Defendant was in the custody of Douglas County, Nebraska, on state charges, the Court held the Government's motion for detention in abeyance pending the Defendant's transfer to federal custody. (Filing No. 59.) The Defendant thereafter posted bond on his state court charges.

On July 1, 2013, the Court held a detention hearing after the Defendant came into custody of the U.S. Marshal. The Magistrate granted the Government's motion for detention, concluding that the Defendant had not met his burden under 18 U.S.C. § 3143 to establish by clear and convincing evidence that he is neither a danger to the community nor a flight risk, and concluded that he should be detained pending final disposition before the undersigned. (Filing Nos. 66, 67.)

The Defendant requested that the Court reopen the matter of his detention and order that, as a condition of his supervised release, the Defendant enter and remain in the CH halfway house in Council Bluffs, Iowa. After reviewing the docket, the Magistrate concluded that the Defendant's proposed plan of release failed to mitigate the Court's concern as to the Defendant's potential as a flight risk and a danger to the community. Accordingly, the Magistrate denied the Motion to Reconsider without hearing. The Defendant now appeals the denial of these motions under 18 U.S.C. § 3145(b).

## DISCUSSION

Rule 32.1 of the Federal Rules of Criminal Procedure states that if an offender appears before the court on a petition alleging violations of supervised release, "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed.R.Crim.P. 32.1(a)(6). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." *Id.* This language replicates the Defendant's burden as stated in 18 U.S.C. § 3143(a)(1); *see also United States v. Jacob*, 767 F.2d 505, 507 (8th Cir. 1985) (stating that § 3143 places "the burden on the

defendant to show, not merely by a preponderance, but by 'clear and convincing evidence,' a greater than normal burden of proof, that he is not likely to flee or pose a danger to the safety of any other person or the community if released.").

Upon de novo review of the evidence before the Magistrate in support of Defendant's release, the Court concludes that the Defendant has not met his burden. The Defendant argues that he should be released because he has successfully participated in supervised release for the last four years and demonstrated continued commitment to his family during that time.  However, the Defendant has also violated several terms of his supervised release, including contact and association with persons engaged in criminal activity, possession of a controlled substance, and alleged commission of state crimes.  The proffer offered by the Defendant at the initial detention hearing did not amount to clear and convincing evidence to mitigate concerns over the Defendant's previous violations.  Nor did the Defendant present additional evidence to meet his high burden in his motion to reconsider.  Having reviewed the record, the Court concludes that the Defendant has not produced clear and convincing evidence sufficient to meet his burden under 18 U.S.C. § 3143(a)(1).  Accordingly,

IT IS ORDERED that Appeal of Magistrate Judge's Denial of Defendant's Motions to Reconsider Detention (Filing No. 74) is denied.

Dated this 22nd day of August, 2013.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              Chief United States District Judge